UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDY DAYLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LVGV, LLC, a Nevada Limited Liability Company d/b/a M Resort Spa and Casino, Does 1-20, inclusive; and Roe Business Entities 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00456-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Defendant LVGV, LLC's ("Defendant") Motion for Rule 35 Examination. ECF No. 35. The Court has considered the Motion, Defendant's Response (ECF No. 38), and Defendant's Reply (ECF No. 39).

**I.   Background**

On November 7, 2023, the parties filed a Stipulation to Extend Discovery indicating Defendant requested Plaintiff participate in a Federal Rule of Civil Procedure (sometimes "FRCP") 35 examination by a neuropsychologist who would assess Plaintiff's claimed traumatic brain injury. ECF No. 33 at 2. The same day the Court granted the Stipulation advising the parties that FRCP 35 examinations are "governed by federal, not state law." ECF No. 34 at 2 *citing Freteluco v. Smith's Food and Drug Centers, Inc.*, 336 F.R.D. 198 (D. Nev. 2020).

In the instant Motion, Defendant submits FRCP 35 governs the neuropsychologists' examination of Plaintiff arguing Nevada Assembly Bill ("A.B.") 244 is procedural law inapplicable in federal court.[1] ECF No. 35 at 5-8. In response, Plaintiff contends applying FRCP 35 would impermissibly abridge the rights afforded in A.B. 244 because this new state law creates substantive rights together with a private right of action to enforce those rights. ECF No. 38 at 5-13. In reply, Defendant explains that A.B. 244 is procedural because it attempts to regulate the process connected to examinations conducted during the course of litigation and does not address substantive rights at

---

[1]   A.B. 244, 82nd Gen. Assemb., Reg. Sess. (Nev. 2023).

1

issue, which are tort-based causes of action under state law. ECF No. 39 at 3. Defendant further argues the Court recently considered the argument presented by Plaintiff and concluded Rule 35 governs in federal court. *Id.* at 4.

**II.     Discussion**

      A.     <u>Federal Law Applies to Rule 35 Examinations in Federal Court</u>.

The Motion before the Court presents the issue of whether federal or state law governs Plaintiff's pending neuropsychological examination. Under FRCP 35, "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. … The order … must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35. When considering arguments similar to those presented by the parties here, the Court endorsed "the majority rule adopted by federal courts that exclude third parties from observing medical and psychiatric examinations," which falls within the Court's wide discretion authorized in FRCP 35. *Freteluco*, 336 F.R.D. at 203.

In contrast, Nevada Assembly Bill ("A.B.") 244, enacted in 2023, provides the following rights and remedies:

> Notwithstanding any other provision of law and except as otherwise provided in this section, a person compelled to submit to a mental or physical examination pursuant to a court order, a contractual obligation or any other type of obligation retains the right to … [h]ave any observer of choice present throughout the examination, including, without limitation, the person's attorney, provider of health care or any other person hired by or on behalf of the person; [and] [a]fter providing notice to the examiner, make an audio, stenographic or video recording of the examination or appoint an observer to make such a recording. …[A] person compelled to submit to a mental or physical examination may bring an action in a court of competent jurisdiction for a violation of this section to seek any or all of the following relief, if notice of the alleged violation is provided to the person who allegedly violated this section not later than 7 days before the action is commenced: (a) Attorney's fees; (b) Actual damages or a fine of $1,500, whichever is greater; (c) Injunctive relief; (d) Protective relief; or (e) An order prohibiting the use of any information gathered at the examination in any judicial or administrative proceeding.

A.B. 244 §1(b), (e), §4.

The Court's holding in *Freteluco* explains that "[u]nder the *Erie* Doctrine, a federal court sitting in diversity must apply the substantive law of the forum state and federal procedural law." 336 F.R.D. at 202 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). When determining if a law is substantive or procedural, the Court should consider whether "it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Id*. at 203 (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). The Court also considers the twin aims of "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Gasperini*, 518 U.S. at 428 (internal quotations omitted). Applying the above principles, the Court in *Freteluco* found that "whether an observer is present in [a] neuropsychological examination … is not substantive, but procedural." *Id*.

Under A.B. 244, a person compelled by court order to attend a mental or physical examination has the right to have an observer present during the examination and make a recording of the examination. A.B. 244 §1(b). Clearly, A.B. 244 addresses "whether an observer is present in [a] neuropsychological examination" and, according to *Freteluco*, is a procedural rule, not substantive. *Freteluco*, 336 F.R.D. at 203. Substitution of state procedural rules, such as A.B. 244, for federal ones is impermissible. *Erie*, 304 U.S. at 78. This holding is confirmed in *Finley et al v. Bulman et al,* Case No. 2:23-cv-00930-RFB-DJA (ECF No. 32 Dec. 8, 2023 Transcript of proceedings on Nov. 14, 2023). In that decision, the District of Nevada considered whether A.B. 244 controlled when Rule 35 examinations are sought during the course of litigation before the federal court. Applying *Freteluco*, the *Finley* Court held that because A.B. 244 regulated whether an observer is present for a Rule 35 examination, and "[w]hether an observer is present for a Rule 35 examination is not substantive, but is procedural," A.B. 244 was not applicable in federal court. *Id*. at 7:1-5. Finally, as stated in *Freteluco*, "presumptively applying Fed. R. Civ. P. 35 to all litigation in federal court will undoubtedly promote equitable administration of law while discouraging forum shopping." 336 F.R.D. at 203.

Based on the foregoing, the Court finds that FRCP 35 is applicable to Plaintiff's examination, not A.B. 244.

B. <u>The Majority Federal Rule Excludes Third Parties from FRCP 35 Examinations</u>.

The Court continues to "agree with the majority rule adopted by federal courts that exclude third parties from observing medical and psychiatric examinations." *Freteluco*, 336 F.R.D. at 203. As explained "[t]he introduction of a third party changes the nature of the proceeding, much in the way that television coverage of events qualitatively changes what occurs in front of the camera." *Id*. (citation omitted). Indeed, "[t]he introduction of a third party is necessarily distracting to the examiner and the examinee, and clearly heightens an already adversarial process into one that is simply more so." *Id*. at 204 (citing *Smolko v. Unimark Lowboy Trans*., 327 F.R.D. 59, 61-62 (M.D. Penn. 2018)). This reluctance extends to the presence of recording devices during examinations as well. *Freteluco*, 336 F.R.D. at 203 (citing *Flack v. Nutribullet, LLC*, 333 F.R.D. 508, 517-18 (C.D. Cal. 2019)). Consistent with the Court's adoption of the majority rule excluding third parties from observing medical and psychiatric examinations, the Court finds that a third party observer and/or a recording device should not be present during Plaintiff's FRCP 35 neuropsychological examination.[2]

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Rule 35 Examination (ECF No. 35) is GRANTED.

Dated this 27th day of February, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant argues because FRCP 35 applies, Plaintiff must demonstrate "good cause" to have an observer present during her neuropsychological examination. ECF No. 39 at 9. Defendant further contends there is no "good cause" here because Plaintiff fails to demonstrate any extraordinary or out of the ordinary circumstances warranting observation. *Id*. Defendant concludes having an observer present would invalidate the tests administered during the examination, which outweighs any good cause Plaintiff could possibly present. *Id.* at 9-13. Plaintiff argues if FRCP 35 governs there is "good cause" for an observer during the examination as observation will decrease the likelihood of mistakes by the examining doctor and prevent misreports "with no corrective mechanism available." ECF No. 38 at 13-17. Although *Freteluco* discussed the "middle road approach taken by some federal courts," which requires a showing of "good cause," the Court finds nothing about the current circumstances meets that standard. In fact, if all that was required to demonstrate the need for a third party observer was the allegation of the potential for error—with no evidentiary support—the exception would swallow the majority rule. Plaintiff's argument regarding good cause is rejected.

4