UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Wendy Dayley,

        Plaintiff

v.

LVGV, LLC,

        Defendant

Case No.: 2:23-cv-00456-CDS-EJY

**Order Sustaining Plaintiff's Objection, Affirming in Part and Modifying the Magistrate Judge's Order, and Denying as Moot Plaintiff's Request for Leave to File a Reply Brief**

[ECF Nos. 45, 47]

      On February 27, 2024, Magistrate Judge Elayna Youchah issued an order granting defendant LVGV's motion for a Rule 35 examination. ECF No. 44. Judge Youchah found that Rule 35 applied over Nevada Assembly Bill ("AB") 244 and that there was no good cause to allow a third party in the medical examination. *Id.* at 4, n.2. Plaintiff Wendy Dayley timely objected to the order, arguing that (1) the magistrate judge failed to properly consider whether AB 244 was substantive and that, (2) under the proper analysis, it should have applied, and (3) even if Rule 35 applies, there was good cause to allow a third party to attend. Obj., ECF No. 45. LVGV opposes the objections, arguing that the order is neither clearly erroneous nor contrary to the law. ECF No. 46. Dayley then sought leave to file a reply brief. ECF No. 47. For the following reasons, I sustain Dayley's objection to the order granting a Rule 35 examination without an independent observer as required by AB 244.[1]

I.    **Legal standard**

      Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court must "review the magistrate judge's factual findings for clear error and legal conclusions de novo." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263,

---

[1] Dayley's request for leave to file a reply is denied as moot.

265 (D. Or. 2022) (citing *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And [a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may object to a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). But "[r]eplies will be allowed only with leave of the court." *Id.* And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

## II.  Analysis

In her objection, Dayley argues that the magistrate judge's order is both "clearly erroneous" and "contrary to law," as it fails to conduct the fundamental analysis required to determine whether the Nevada statute at issue, Nevada Assembly Bill 244, governs the examination requested. ECF No. 45 at 2. Specifically, Dayley objects to the order because the magistrate judge neglected to consider whether Rule 35 would abridge, enlarge, or modify any substantive right provided by AB 244 and requests that this court deny LVGV's motion to the extent it seeks to invoke Rule 35 to abridge the substantive rights provided by AB 244. The question of what, if any, impact AB 244 has on Rule 35 appears to be a matter of first impression in this District. After careful consideration, I sustain Dayley's objection to the findings in the order regarding how AB 244 interplays with Rule 35.

In diversity cases, as here, the court applies federal procedural law and state substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). The court first inquires whether the state law directly conflicts with a procedural federal law. *Hanna v. Plumer*, 380 U.S. 460, 470–74 (1965). To

determine whether a state law conflicts with a federal procedural law, we first determine whether the federal law answers the question in dispute. *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 584–86 (9th Cir. 2022) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). "We ask whether, when fairly construed, the scope of [Rule 35] is sufficiently broad to cause a direct collision with the state law, or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law." *Ellis v. Salt River Project*, 24 F.4th 1262, 1269 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987)). "If so, then the federal rule controls 'unless it exceeds statutory authorization or Congress's rulemaking power.'" *Id.* (quoting *Shady Grove*, 559 U.S. at 398).

       Here, the issue is whether Dayley may bring a third party into the medical examination with her. AB 244, which went into effect in June of 2023, states that "a person compelled to submit to a mental or physical examination . . . retains the right to . . . [h]ave any observer of choice present throughout the examination, including, without limitation, the person's attorney, provider of health care or any other person hired by or on behalf of the person; [and] [a]fter providing notice to the examiner, make an audio, stenographic or video recording of the examination or appoint an observer to make such a recording[.]" Although the text of Rule 35 is silent as to whether a third party may attend an examination, the overwhelming majority of federal courts have determined that "third parties — whether human or electronic — cannot sit in on physical and mental examinations under Federal Rule of Civil Procedure 35 unless special circumstances require it." *Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248, 250 (N.D. Ohio 2011). *See also Freteluco v. Smith's Food & Drug Centers, Inc.*, 336 F.R.D. 198, 203–04 (D. Nev. 2020). The rationale for this is largely because "[t]he introduction of a third party changes the nature of the proceeding, much in the way that television coverage of events qualitatively changes what occurs in front of the camera" and is "necessarily distracting to the examiner and the examinee, and clearly heightens an already adversarial process into one that is simply more so." *Freteluco*, 336 F.R.D. at 203–04 (citation omitted).

Thus, even though the texts of the laws do not directly conflict, the two laws occupy the same field of operation and, in effect, speak on—and disagree about—the same subject, I find there is a direct conflict. *See Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 757 (9th Cir. 2010) ("Despite the differences in both the scope and effect of the two rules, the rules 'unmistakably conflict[]' because 'the purposes underlying the [rules] are sufficiently coextensive' so as occupy the same 'field of operation.'") (quoting *Woods*, 480 U.S. at 7 & n.5).

Under the *Erie* doctrine, Rule 35 applies unless it "abridge[s], enlarge[s] or modif[ies] any substantive right[.]" *Shady Grove*, 559 U.S. at 407–09. The Supreme Court has generally explained that "a substantive standard is one that creates duties, rights, and obligations, while a procedural standard specifies how those duties, rights, and obligations should be enforced." *Azar v. Allina Health Servs.*, 587 U.S. 566, 573 (2019) (internal quotation marks omitted). The Supreme Court has held that FRCP 35, which governs mental and physical examinations, is procedural because it is "the judicial process for enforcing rights and duties recognized by substantive law." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Courts have held that AB 244's predecessor, NRS 52.380, is procedural because it, like AB 244, governs whether an observer is present in the neuropsychological examination, which is not "outcome" or case determinative, but instead reflects a "procedural preference." *Freteluco*, 336 F.R.D. at 203; *see also Flack v. Nutribullet, LLC*, 333 F.R.D. 508, 517 (C.D. Cal. 2019) (citing *Smolko v. Unimark Lowboy Trans.*, 327 F.R.D. 59, 63 (M.D. Pa. 2018) and *Stefan*, 275 F.R.D. at 250.

Dayley argues in her objection, however, that unlike NRS 52.380, AB 244 "unquestionably provides substantive rights, rather than procedural rights, as both the rights provided and the remedy supplied extend to all persons required to undergo such examinations, rather than only to those persons governed by the Rules of Civil Procedure." ECF No. 45 at 7 (citing AB 244 § 1). In other words, she points out that AB 244's reach is much more extensive than NRS 52.380 in that it also applies outside the litigation context and provides a separate cause of action to allow individuals to enforce its rights. *Cf. Lyft, Inc. v. Eighth Jud. Dist. Ct.*, 501 P.3d

994, 1003 (Nev. 2021) (finding NRS 52.380 procedural in part because the "statute only provides a process for enforcing an underlying civil claim" and "does not give litigants any substantive right because it does not create a cognizable claim for relief from a violation of its provisions"). This, Dayley argues, takes the right conferred in AB 244 outside the realm of civil procedure and litigation and provides a substantive right to a third-party presence during evaluations to all persons in the jurisdiction. ECF No. 45 at 8. I agree.

I find that AB 244 creates substantive rights upon which Rule 35 would encroach. AB 244 does not have the same limitations that *Freteluco* and *Lyft* emphasized existed in NRS 52.380 that made the prior law purely procedural. The Nevada legislature introduced a right of action with numerous remedies, including attorney fees, "[a]ctual damages or a fine of $1,500, whichever is greater," injunctive relief, protective relief, or "[a]n order prohibiting the use of any information gathered at the examination in any judicial or administrative proceeding." Assemb. 244, 82d Sess. (Nev. 2023). Additionally, NRS 52.380 only applied to an individual involved in civil litigation and AB 244 reaches any "person compelled to submit to a mental or physical examination pursuant to a court order, a contractual obligation or any other type of obligation[.]" *Id.* These differences transformed a purely procedural litigation right into one that applies under Nevada law to all people and can be asserted in multiple, clearly delineated ways.

AB 244's history and the Nevada Legislature's intent is instructive. *See Shady Grove*, 559 U.S. at 403 (utilizing, as part of its analysis, the state legislature's purpose in passing the state law in question). Both as introduced and as enrolled, AB 244's preamble reads: "AN ACT relating to health care; establishing the substantive rights of a person compelled to submit to a mental or physical examination under certain circumstances . . . ." Assemb. 244, 82d Sess. (Nev. 2023) (as introduced); Assemb. 244, 82d Sess. (Nev. 2023) (enacted). AB 244 was initially introduced to the Assembly Committee on Judiciary on March 9, 2023. *Revises Provisions Relating to Certain Mental or Physical Examinations: Hearing on AB 244 Before the Assemb. Comm. on the Judiciary*, 2023 Leg., 82d Sess. 2 (Nev. Mar. 9, 2023). The sponsoring assemblywoman ceded the floor to

two members of the Nevada Justice Association—Alison Brasier and George Bochanis—to speak about her proposed bill. *Id.* Explaining that this bill was meant in direct response to the limitations placed on NRS 52.380 by *Lyft*, Brasier stated unequivocally "Assembly Bill 244 is not about procedure, it is about rights that are covered for all citizens in various situations in and outside of the courtroom. This is about substantive rights; it is not about court procedure." *Id.* at 3. Bochanis further clarified in response to a question from Assemblywoman Hardy:

> To the substantive right, because have you noticed we have said that more than once, the U.S. Supreme Court has stated that a substantive standard is one that creates duties, rights, and obligations while a procedural standard specifies how duties, rights, and obligations should be enforced. What happens to a person and how a person is examined is a substantive right, and that is why A.B. 244 involves those types of situations—what happens to a person's body basically during this is what is happening during these examinations. That person's physical or mental state is being subjected to an examination by a doctor that you have no doctor-patient relationship with whatsoever, that you have no choice with whom you are in an examination room with. That is a substantive right.
>
> The Nevada Supreme Court said it was important that a substantive right creates a claim for relief if you violate that substantive right. That is why we have subsection 3, because if you violate the substantive right there is a price that comes with it. As Assemblyman Gray said, maybe $1,500 is not enough, but that also covers that type of section. This does not have to do with civil discovery; this has to do with things outside. It involves things inside and outside of our civil discovery system and of the examples we gave you—with the disability exam, health insurance exam, your insurance policy, medical payment, or uninsured motorist exams. I hope that answers your question.

*Id.* at 10–11. When the bill was introduced again to the committee on April 13, 2023, Diane Thornton, the committee policy analyst, read out that an amendment to the bill "provides that *the substantive rights* do not apply to a person compelled to submit to a physical examination pursuant to Title 5, Title 14, Title 15, or Chapter 432B of *Nevada Revised Statutes*." *Revises Provisions Relating to Certain Mental or Physical Examinations: Hearing on AB 244 Before the Assemb. Comm. on the Judiciary*, 2023 Leg., 82d Sess. 4 (Nev. April 13, 2023) (emphasis added). Speaking before the Nevada Senate Committee on Commerce and Labor on May 19, 2023, Brasier stated that "[t]he intent was to follow the Supreme Court guidance in the *Lyft* decision on how to create the

substantive rights by adding in the penalties." *Revises Provisions Relating to Certain Mental or Physical Examinations: Hearing on AB 244 Before the S. Comm. on Com. & Lab.*, 2023 Leg., 82d Sess. 14 (Nev. May 19, 2023).

The legislative history[2] confirms that the intention of AB 244 was to establish substantive rights not present in NRS 52.380. Accordingly, I find that the language and history of AB 244 create a substantive right under Nevada law and therefore, on this matter, the magistrate judge's order is clearly erroneous and contrary to law. Applying the relevant authority regarding Rule 35 examinations disallowing third party presence at examinations would abridge, enlarge, or modify that substantive right, and therefore the state law controls.

The magistrate judge's order is affirmed insofar as it orders a Rule 35 examination. Pursuant to AB 244 however, I order that the examinee has the right to have a third-party present at this examination based on the substantive rights conferred by AB 244.

### III. Conclusion

IT IS THEREFORE ORDERED that the objection to the magistrate judge's order **[ECF No. 45] is SUSTAINED**. The order requiring the Rule 35 examination (ECF No. 44) is AFFIRMED and ADOPTED in part, but the order is hereby MODIFIED to permit a third-party be present in accordance with AB 244.

IT IS FURTHER ORDERED that Dayley's motion for leave to file a reply **[ECF No. 47] is denied as moot**.

Dated: October 16, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] The court recognizes statements of individual legislators or others speaking about a bill are generally not considered in construing a statue "as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation." *Cadence Design Sys., Inc. v. Bhandari*, 2007 U.S. Dist. LEXIS 83078, at *30 (N.D. Cal. Nov. 8, 2007) (quoting *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 133 Cal. App. 4th 26, 29 (2005)). However, I consider the history of AB 244 here—that its purpose was to create a substantive (not procedural) right—because it is directly relevant to resolving the pending objections.